RTP:RCH/NJM
F. #2019R00206

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

HEATHER BUSCH,
ROBERT HASSETT and
ROBERT SMITH,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

**1:21-cr-00254(RPK)(CLP)**

Cr. No. _____
(T. 18, U.S.C., §§ 371, 924(c)(1)(A)(i),
924(d)(1), 981(a)(1)(C), 1952(a)(3)(A), 2
and 3551 et seq.; T. 21, U.S.C.,
§§ 841(b)(1)(A)(i), 846, 853(a) and
853(p); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

At all times relevant to this Indictment, unless otherwise indicated:

INTRODUCTION

I. The Defendants

    1.    HEATHER BUSCH was a New York City Police Department ("NYPD") officer assigned to the 105th Precinct in Queens, New York.

    2.    ROBERT HASSETT was a NYPD officer assigned to the 105th Precinct in Queens, New York.

    3.    ROBERT SMITH was a NYPD officer assigned to the 105th Precinct in Queens, New York. SMITH retired from the NYPD on or about March 6, 2020.

II. The NYPD's Directed Accident Response Program

    4.    Pursuant to Section 20-518 of the New York City Administrative Code ("Section 20-518"), if a vehicle has been involved in an automobile accident occurring on a public street in New York City, and the vehicle has been deemed inoperable or cannot be safely

operated, NYPD personnel are required, pursuant to the NYPD's Directed Accident Response Program ("DARP"), to identify an appropriate licensed tow trucking business to respond to the scene of the automobile accident and remove the damaged vehicles from the scene. The licensed tow trucking business that responds to the accident scene must be identified by the NYPD using DARP and may not be independently identified or otherwise selected by NYPD personnel. Under Section 20-518, it is illegal for licensed tow truck businesses to respond unsolicited to the scenes of automobile accidents and solicit business.

III. The Schemes

    A. The Tow Truck Scheme

5. Beginning in or about September 2016, the defendants ROBERT HASSETT and ROBERT SMITH agreed to participate and participated in a corrupt scheme whereby, after responding as NYPD officers to automobile accidents, they would steer the damaged vehicles to a tow trucking and automobile repair business (the "Business") operated by Individual No. 1, an individual whose identity is known to the Grand Jury, in lieu of administering DARP as required (the "Tow Truck Scheme"). In exchange for their participation in the Tow Truck Scheme, HASSETT and SMITH received thousands of dollars in cash bribe payments from Individual No. 1. HASSETT and SMITH continued to participate in the Tow Truck Scheme until at least June 2017, when HASSETT and SMITH temporarily suspended their conduct related to the Tow Truck Scheme.

6. In or about November 2019, the defendant ROBERT SMITH resumed his participation in the Tow Truck Scheme with Individual No. 1, continuing to steer vehicles damaged in automobile accidents to the Business in exchange for cash bribe payments in lieu of administering DARP as required. At this time, the defendant ROBERT HASSETT had been

reassigned to an administrative position within the 105th Precinct  Between approximately November 2019 and January 2020, SMITH steered at least four vehicles damaged in automobile accidents to the Business and, in turn, received at least $4,000 in cash bribe payments.

7.  Beginning in or about January 2020, the defendant ROBERT SMITH discussed with Individual No. 1 SMITH's plan to recruit another NYPD officer, the defendant HEATHER BUSCH, to participate in the Tow Truck Scheme because SMITH was planning to retire from the NYPD in or about March 2020.  On or about March 6, 2020, SMITH retired from the NYPD.

8.  On or about March 17, 2020, the defendant HEATHER BUSCH met with the defendant ROBERT SMITH and Individual No. 1.  During the meeting, SMITH and Individual No. 1 explained the Tow Truck Scheme to BUSCH, and BUSCH agreed to participate.  BUSCH also received a key to a mailbox (the "Mailbox") where she could retrieve her cash bribe payments.  Thereafter, BUSCH began steering vehicles damaged in automobile accidents to the Business in exchange for cash bribe payments, in lieu of administering DARP as required.  In total, between approximately March 2020 and October 2020, BUSCH steered at least six vehicles damaged in automobile accidents to the Business and, in turn, received at least $5,000 in cash bribe payments.  For his assistance in recruiting BUSCH into the Tow Truck Scheme, SMITH received more than $1,000 in cash payments from Individual No. 1.

B.  The Victim Database Scheme

9.  Beginning in or about January 2020, the defendants ROBERT HASSETT and ROBERT SMITH agreed to participate in a corrupt scheme to obtain the names and identifying information of recent automobile accident victims from NYPD databases and provide that information to Individual No. 1 in exchange for bribe payments (the "Victim Database

Scheme"). HASSETT and SMITH understood that, after receiving the names and identifying information of these victims of recent automobile accidents, Individual No. 1 would sell that information to physical therapy businesses and personal injury attorneys who would then seek to solicit the automobile accident victims as customers.

10. Thereafter, on numerous occasions, the defendant ROBERT HASSETT accessed NYPD databases in contravention of NYPD regulations for the purpose of obtaining the names and identifying information of victims of recent automobile accidents. After obtaining the names and identifying information, HASSETT memorialized that information in writing. On each occasion, HASSETT then arranged for that information to be delivered to Individual No. 1.

11. On some occasions, the defendant ROBERT HASSETT provided the information to the defendant ROBERT SMITH who, in turn, delivered it to Individual No. 1. Upon receipt of the information, Individual No. 1 provided cash bribe payments to SMITH who, in turn, redistributed a portion of those bribe payments to HASSETT.

12. On other occasions, the defendant ROBERT HASSETT deposited a document containing the names and identifying information of these victims of recent automobile accidents into the Mailbox. On those occasions, HASSETT retrieved cash bribe payments from the Mailbox.

13. In total, between approximately January 2020 and March 2020, the defendants ROBERT HASSETT and ROBERT SMITH accessed NYPD databases in contravention of NYPD regulations, obtained the names and identifying information of more than 100 victims of recent automobile accidents, and provided that information to Individual No.

Case 1:21-cr-00254-RPK   Document 1   Filed 05/07/21   Page 5 of 19 PageID #: 5

5

1. In exchange for this information, HASSETT and SMITH received more than $7,000 in cash bribe payments from Individual No. 1.

    C.   The Armed Drug Trafficking Scheme

14.     Beginning in or about January 2020, the defendant ROBERT SMITH sought opportunities from Individual No. 1 to transport illegal narcotics in exchange for payment, upon SMITH's retirement from the NYPD (the "Armed Drug Trafficking Scheme").

15.     Thereafter, on multiple occasions, the defendant ROBERT SMITH discussed his desire for Individual No. 1 to arrange for SMITH to transport illegal narcotics for drug trafficking organizations in exchange for payment.

16.     On or about February 21, 2020, the defendant ROBERT SMITH met with Individual No. 1 in Queens, New York, and discussed SMITH's desire to transport narcotics in exchange for payment. During that meeting, SMITH and Individual No. 1 discussed the types of illegal narcotics that SMITH might transport, the payments he might receive and the logistics of transportation. SMITH also asked Individual No. 1 to confirm that the drug trafficking organization did not "have no rats or nothing."

17.     In or about March 2020, the defendant ROBERT SMITH continued to express his desire for Individual No. 1 to introduce SMITH to the drug trafficking organization and expressed his dismay that Individual No. 1 had not yet done so. Among other things, SMITH reminded Individual No. 1 via text message that SMITH had arranged for the defendant HEATHER BUSCH to participate in the Tow Truck Scheme, but that Individual No. 1 had not arranged for SMITH to participate in the Armed Drug Trafficking Scheme as promised, writing: "I lived up to my end of the deal putting you onto heather [BUSCH]. Now it's your turn!"

18.     On or about June 16, 2020, the defendant ROBERT SMITH spoke with Individual No. 1 via telephone, during which call SMITH agreed to meet with the drug trafficking organization so that they could discuss SMITH's participation in the Armed Drug Trafficking Scheme.

19.     On or about June 19, 2020, the defendant ROBERT SMITH met with Individual No. 2 and Individual No. 3, individuals whose identities are known to the Grand Jury, in Queens, New York.  During this meeting, SMITH discussed with Individual No. 2 and Individual No. 3 his desire to participate in the Armed Drug Trafficking Scheme.  SMITH bragged that he could carry a firearm and retired NYPD identification documents during his transportation of illegal narcotics for the drug trafficking organization.  SMITH also discussed with Individual No. 2 and Individual No. 3 that he would receive $1,000 in cash for his first delivery of illegal narcotics for the drug trafficking organization.  Afterwards, SMITH contacted Individual No. 1 by telephone and thanked him for arranging the introduction, stating that the meeting with Individual No. 2 and Individual No. 3 was "exactly what I was looking for."

20.     On or about July 8, 2020, Individual No. 2 contacted the defendant ROBERT SMITH via telephone and advised SMITH that the drug trafficking organization had an opportunity for SMITH to transport illegal narcotics the following day.  SMITH agreed to transport the narcotics.

21.     On or about July 9, 2020, the defendant ROBERT SMITH met with Individual No. 2 in or around Uniondale, New York.  SMITH accepted a bag containing what Individual No. 2 advised SMITH was a "kilogram" of "heroin."  At that meeting, Individual No. 2 instructed SMITH to deliver the bag to Individual No. 4, an individual whose identity is known to the Grand Jury, in Queens, New York.  SMITH also confirmed to Individual No. 2 that

SMITH had a firearm, showing the firearm to Individual No. 2. Thereafter, SMITH transported the bag in his vehicle to a location in Queens, New York, where he delivered it to Individual No. 4. SMITH then returned to Uniondale, New York, where he met with Individual No. 2 and received a payment of approximately $1,200 in cash.

## COUNT ONE
(Use of Interstate Facilities to Commit Bribery – The Tow Truck Scheme)

22. The allegations contained in paragraphs one through 21 are realleged and incorporated as if fully set forth in this paragraph.

23. In or about and between September 2016 and June 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ROBERT HASSETT and ROBERT SMITH, together with others, did knowingly and intentionally use one or more facilities in interstate and foreign commerce with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of one or more unlawful activities, to wit: Bribery in the Third Degree, in violation of New York Penal Law Section 200.00, and Bribe Receiving in the Third Degree, in violation of New York Penal Law Section 200.10, and thereafter performed and attempted to perform the distribution of the proceeds of such unlawful activity and the promotion, management, establishment, carrying on and facilitation of the promotion, management and carrying on of such unlawful activity.

(Title 18, United States Code, Sections 1952(a)(3)(A), 2 and 3551 et seq.)

## COUNT TWO
(Use of Interstate Facilities to Commit Bribery – The Tow Truck Scheme)

24. The allegations contained in paragraphs one through 21 are realleged and incorporated as though fully set forth in this paragraph.

25.  In or about and between November 2019 and January 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ROBERT SMITH, together with others, did knowingly and intentionally use one or more facilities in interstate and foreign commerce with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of one or more unlawful activities, to wit: Bribe Receiving in the Third Degree, in violation of New York Penal Law Section 200.10, and thereafter performed and attempted to perform the distribution of the proceeds of such unlawful activity and the promotion, management, establishment, carrying on and facilitation of the promotion, management and carrying on of such unlawful activity.

(Title 18, United States Code, Sections 1952(a)(3)(A), 2 and 3551 et seq.)

## COUNT THREE
(Conspiracy to Violate the Travel Act – The Victim Database Scheme)

26.  The allegations contained in paragraphs one through 21 are realleged and incorporated as if fully set forth in this paragraph.

27.  In or about and between January 2020 and March 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ROBERT HASSETT and ROBERT SMITH, together with others, did knowingly and willfully conspire to use one or more facilities in interstate and foreign commerce with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of one or more unlawful activities, to wit: Bribery in the Third Degree, in violation of New York Penal Law Section 200.00, and Bribe Receiving in the Third Degree, in violation of New York Penal Law Section 200.10, and thereafter to perform acts to promote, manage, establish, carry on and facilitate the promotion, management, establishment and

carrying on of such unlawful activity, contrary to Title 18, United States Code, Section 1952(a)(3).

28. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants ROBERT HASSETT and ROBERT SMITH, together with others, did commit and cause the commission of, among others, the following:

OVERT ACTS

(a) On or about January 16, 2020, SMITH provided the names and identifying information of 10 victims of recent automobile accidents obtained from NYPD databases to Individual No. 1 in exchange for a bribe payment of approximately $1,500 in cash.

(b) On or about January 23, 2020, SMITH provided a document containing the names and identifying information of approximately 10 victims of recent automobile accidents from NYPD databases to Individual No. 1 in exchange for a bribe payment of approximately $1,500 in cash.

(c) On or about February 6, 2020, SMITH provided a document containing the names and identifying information of approximately 10 victims of recent automobile accidents obtained from NYPD databases to Individual No. 1 in exchange for a bribe payment of $500 in cash.

(d) On or about February 14, 2020, HASSETT deposited a document containing the names and identifying information of six victims of recent automobile accidents obtained from NYPD databases into the Mailbox and retrieved a bribe payment of $800 in cash.

(e) On or about February 21, 2020, HASSETT deposited a document containing the names and identifying information of approximately 16 victims of recent

automobile accidents obtained from NYPD databases into the Mailbox and retrieved a bribe payment of approximately $800 in cash from the Mailbox.

(f) On or about February 28, 2020, HASSETT deposited a document containing the names and identifying information of approximately nine victims of recent automobile accidents obtained from NYPD databases into the Mailbox and retrieved a bribe payment of approximately $800 in cash from the Mailbox.

(g) On or about March 13, 2020, HASSETT deposited a document containing the names and identifying information of approximately 14 victims of recent automobile accidents from NYPD databases into the Mailbox and retrieved a bribe payment of approximately $800 in cash from the Mailbox.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

COUNT FOUR
(Use of Interstate Facilities to Commit Bribery – The Victim Database Scheme)

29. The allegations contained in paragraphs one through 21 are realleged and incorporated as if fully set forth in this paragraph.

30. In or about and between January 2020 and March 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ROBERT HASSETT and ROBERT SMITH, together with others, did knowingly and intentionally use one or more facilities in interstate and foreign commerce with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of one or more unlawful activities, to wit: Bribery in the Third Degree, in violation of New York Penal Law Section 200.00, and Bribe Receiving in the Third Degree, in violation of New York Penal Law Section 200.10, and thereafter performed and attempted to perform the distribution of the proceeds of such unlawful activity and the promotion,

11

management, establishment, carrying on and facilitation of the promotion, management and carrying on of such unlawful activity.

(Title 18, United States Code, Sections 1952(a)(3)(A), 2 and 3551 et seq.)

## COUNT FIVE
(Conspiracy to Violate the Travel Act – The Tow Truck Scheme)

31. The allegations contained in paragraphs one through 21 are realleged and incorporated as if fully set forth in this paragraph.

32. In or about and between March 2020 and October 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HEATHER 18 and ROBERT SMITH, together with others, did knowingly and willfully conspire to use one or more facilities in interstate and foreign commerce with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of one or more unlawful activities, to wit: Bribery in the Third Degree, in violation of New York Penal Law Section 200.00, and Bribe Receiving in the Third Degree, in violation of New York Penal Law Section 200.10, and thereafter to perform acts to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of such unlawful activity, contrary to Title 18, United States Code, Section 1952(a)(3).

33. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants HEATHER BUSCH and ROBERT SMITH, together with others, did commit and cause the commission of, among others, the following:

## OVERT ACTS

(a) On or about March 17, 2020, BUSCH, SMITH and Individual No. 1 met at a location in Massapequa, New York, during which meeting BUSCH accepted a key to the Mailbox and a bribe payment of $1,500 in cash and SMITH accepted a bribe payment of approximately $486 in cash.

(b) On or about May 25, 2020, BUSCH diverted one or more vehicles damaged in an automobile accident to the Business, rather than activating DARP to identify an appropriate licensed tow trucking business for the damaged vehicles as required by NYPD procedure.

(c) On or about May 28, 2020, BUSCH retrieved a bribe payment of $1,000 in cash from the Mailbox.

(d) On or about August 19, 2020, BUSCH diverted one or more vehicles damaged in an automobile accident to the Business, rather than activating DARP to identify an appropriate licensed tow trucking business for the damaged vehicles as required by NYPD procedure.

(e) On or about August 20, 2020, BUSCH retrieved a bribe payment of $1,000 in cash from the Mailbox.

(f) On or about August 28, 2020, BUSCH diverted one or more vehicles damaged in an automobile accident to the Business, rather than activating DARP to identify an appropriate licensed tow trucking business for the damaged vehicles as required by NYPD procedure.

(g) On or about October 14, 2020, BUSCH retrieved a bribe payment of $1,000 in cash from the Mailbox.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT SIX
(Use of Interstate Facilities to Commit Bribery – The Tow Truck Scheme)

34. The allegations contained in paragraphs one through 21 are realleged and incorporated as if fully set forth in this paragraph.

35. In or about March 2020, within the Eastern District of New York and elsewhere, the defendant ROBERT SMITH, together with others, did knowingly and intentionally use one or more facilities in interstate and foreign commerce with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of one or more unlawful activities, to wit: Bribery in the Third Degree, in violation of New York Penal Law Section 200.00, Bribe Receiving in the Third Degree, in violation of New York Penal Law Section 200.10, and Criminal Liability for Conduct of Another, in violation of New York Penal Law Section 20.00, and thereafter performed and attempted to perform the distribution of the proceeds of such unlawful activity and the promotion, management, establishment, carrying on and facilitation of the promotion, management and carrying on of such unlawful activity.

(Title 18, United States Code, Sections 1952(a)(3)(A), 2 and 3551 et seq.)

## COUNT SEVEN
(Use of Interstate Facilities to Commit Bribery – The Tow Truck Scheme)

36. The allegations contained in paragraphs one through 21 are realleged and incorporated as if fully set forth in this paragraph.

37. In or about and between March 2020 and October 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant

HEATHER BUSCH, together with others, did knowingly and intentionally use one or more facilities in interstate and foreign commerce with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of one or more unlawful activities, to wit: Bribery in the Third Degree, in violation of New York Penal Law Section 200.00, Bribe Receiving in the Third Degree, in violation of New York Penal Law Section 200.10, and Criminal Liability for Conduct of Another, in violation of New York Penal Law Section 20.00, and thereafter performed and attempted to perform the distribution of the proceeds of such unlawful activity and the promotion, management, establishment, carrying on and facilitation of the promotion, management and carrying on of such unlawful activity.

(Title 18, United States Code, Sections 1952(a)(3)(A), 2 and 3551 et seq.)

## COUNT EIGHT
(Attempted Distribution and Possession with Intent to Distribute Heroin)

38. The allegations contained in paragraphs one through 21 are realleged and incorporated as if fully set forth in this paragraph.

39. In or about and between January 2020 and July 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ROBERT SMITH did knowingly and intentionally attempt to distribute and possess with intent to distribute a controlled substance, which offense involved one kilogram or more of a substance containing heroin, a schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(i); Title 18, United States Code, Sections 3551 et seq.)

## COUNT NINE
(Possessing a Firearm During a Drug Trafficking Crime)

40. The allegations contained in paragraphs one through 21 are realleged and incorporated as if fully set forth in this paragraph.

41. On or about July 9, 2020, within the Eastern District of New York and elsewhere, the defendant ROBERT SMITH, did knowingly and intentionally carry and use a firearm during and in relation to one or more drug trafficking crimes, to wit: the crime charged in Count Eight, and did knowingly and intentionally possess such firearm in furtherance of said drug trafficking crime.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATIONS
AS TO COUNTS ONE THROUGH SEVEN

42. The United States hereby gives notice to the defendants charged in Counts One through Seven that, upon their conviction of such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

43. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION<br>AS TO COUNT EIGHT

    44.  The United States hereby gives notice to the defendant charged in Count Eight that, upon his conviction of such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offense; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

    45.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)  cannot be located upon the exercise of due diligence;

    (b)  has been transferred or sold to, or deposited with, a third party;

    (c)  has been placed beyond the jurisdiction of the court;

    (d)  has been substantially diminished in value; or

    (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT NINE

46. The United States hereby gives notice to the defendant charged in Count Nine that, upon his conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924.

47. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

18

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

*/s/ Foreperson*

FOREPERSON

*/s/ Mark J. Lesko*

MARK J. LESKO
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2019R00206
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

HEATHER BUSCH, *et al.*

Defendants.

## INDICTMENT

(T. 18, U.S.C., §§ 371, 924(c)(1)(A)(i), 924(d)(1), 981(a)(1)(C), 1952(a)(3)(A), 2 and 3551 et seq.; T. 21, U.S.C., §§ 841(a)(1), 841(b)(1)(A)(i), 846, 853(a) and 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ A.D. 20 _____

_____
*Clerk*

*Bail, $* _____

_____

*Ryan Harris and Nicholas J. Moscow, Assistant U.S. Attorneys, (718) 254-7000*